# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-1203V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| EDWIN M. MERCADO, | \* | Special Master Corcoran |
| Petitioner, | \* | Filed: December 3, 2018 |
| v. | \* | |
| | \* | Decision by Proffer; Damages; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* | Shoulder Injury Related to Vaccine Administration ("SIRVA"); Diptheria-Tetanus-Acelluar Pertussis ("Tdap") |
| Respondent. | \* | Vaccine. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*John Hartman Ferguson*, Medical Injury Law Center, Seattle, WA for Petitioner.

*Robert Paul Coleman, III*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On September 6, 2017, Edwin Mercado[2] filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[3] ECF No. 1. Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA")—specifically, left shoulder bursitis—as a result of the improper administration of diptheria-tetanus-acellular pertussis ("Tdap") vaccine

---

[1] Although not formally designated for publication, this Decision will be posted on the United States Court of Federal Claims website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] At the time of filing, Petitioner's legal name was Edwin M. Laird. He recently changed his last name to Mercado, and I issued an order amending the case caption accordingly on November 26, 2018. ECF No. 25.

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

in his left shoulder on January 16, 2015. *Id.* at 1. He alleged further that he experienced lumbar pain as a sequela of his bursitis. *Id.*

On September 12, 2018, Respondent filed his Rule 4(c) Report, in which he indicated his view that Petitioner is entitled to compensation for his bursitis claim, but not for his lumbar pain. ECF No. 21 at 1. On October 1, 2018, I conducted a telephonic status conference with the parties, during which Petitioner agreed to accept Respondent's limited concession. I subsequently issued a ruling finding entitlement (ECF No. 22, dated October 2, 2018) and an Order directing the parties to confer regarding an appropriate damages award (ECF No. 23, dated October 2, 2018).

After two months of damages negotiations, Respondent filed a proffer proposing an award of compensation. ECF No. 27. I have reviewed the file, and based upon that review, I conclude that Respondent's Proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The Proffer proposes:

- A lump sum payment of $95,000.00, representing compensation for actual and projected pain and suffering ($95,000.00), in the form of a check payable to Petitioner.

Proffer at 2. These amounts represent compensation for all elements of compensation under Vaccine Act Section 15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| _____ ) | |
| EDWIN M. MERCADO, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 17-1203V (**ECF**) |
| v. ) | Special Master Corcoran |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

## **PROFFER ON AWARD OF COMPENSATION**[1]

**I.   Procedural History**

On September 6, 2017, Edwin M. Laird ("petitioner") filed a Petition ("Petition") for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"). Petitioner alleges that he suffered from a shoulder injury related to vaccine administration ("SIRVA") and lumbar pain as a result of receiving a "Diphtheria-Tetanus-Pertussis" vaccination in his left shoulder on January 16, 2015. Petition at 1. On September 12, 2018, respondent filed a Vaccine Rule 4(c) Report, and on October 2, 2018, the Court found petitioner entitled to compensation, based on a theory of causation-in-fact, for his left shoulder bursitis injury only.

**II.   Item of Compensation**

The parties agree that based upon the evidence of record, petitioner is entitled to actual and projected pain and suffering. Therefore, respondent proffers that petitioner should be

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to discuss after the Damages Decision is issued.

awarded actual and projected pain and suffering as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4).  Respondent proffers that the appropriate award for petitioner's actual and projected pain and suffering is $95,000.00.  Petitioner agrees.

## III. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the Special Master's decision and the Court's judgment award the following:[2]

A lump sum payment of $95,000.00, representing compensation for actual and projected pain and suffering ($95,000.00), in the form of a check payable to petitioner.  Petitioner agrees.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

                                              s/ Robert P. Coleman III
ROBERT P. COLEMAN III
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0274
Email: Robert.P.Coleman@usdoj.gov

DATED:   December 3, 2018