# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-1203V
### (Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *
|  |  |  |
|---|---|---|
| EDWIN M. MERCADO, | * | |
| | * | Special Master Corcoran |
| Petitioner, | * | |
| | * | Dated: January 11, 2019 |
| v. | * | |
| | * | Attorney's Fees and Costs. |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*John H. Ferguson*, Medical Injury Law Center, Seattle, WA, for Petitioner.

*Robert P. Coleman, III*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On September 6, 2017, Edwin Mercado[2] filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[3] ECF No. 1. Petitioner alleged that he had suffered a shoulder injury related to vaccine administration as a result of the improper administration of the diptheria-tetanus-aceullar pertussis vaccine in his left shoulder on

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] At the time of filing, Petitioner's legal name was Edwin M. Laird. He recently changed his last name to Mercado, and I issued an order amending the case caption accordingly on November 26, 2018. ECF No. 25.

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

January 16, 2015. *Id.* at 1. On December 3, 2018, Respondent submitted a Proffer proposing an award of compensation. ECF No. 27. I adopted that Proffer as my decision awarding damages that same day. ECF No. 28.

Petitioner did not make an application for interim fees, and now has filed a request for a final award of fees and costs. *See generally* Application for Attorneys' Fees and Costs, filed Dec. 19, 2018 (ECF No. 33) ("Fees App."). Petitioner requests a total sum of $28,218.13, reflecting $27,676.92 in attorney's fees, plus $541.21 in costs. *Id.* at 1. Petitioner specifically requests reimbursement for attorney work performed between February 2017 and December 2018, which includes the work performed to prepare the final fee application. *See* Fees App. Ex.1 at 8–15, filed Dec. 19, 2018 (ECF No. 33-1). Respondent reacted to the motion on December 21st, representing that the statutory and other legal requirements for an award of attorneys' fees and costs had been met, and otherwise deferring the calculation of a reasonable final award to my discretion. *See generally* ECF No. 34.

## ANALYSIS

Vaccine Program petitioners who receive compensation for their injuries are entitled by statute to an award of attorney's fees and costs. Section 15(e)(1). However, such awards must be "reasonable." *Id.* Special masters have wide discretion in determining what constitutes a reasonable award, and may reduce the requested amount even in the absence of objections from Respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

### I.   Attorney's Fees Award

Determining the appropriate amount of an attorney's fees award is a two-step process. First, the special master employs the lodestar method to calculate a base award—that is, "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the special master may adjust this base award as he sees fit based on certain relevant factors. *Id.* at 1348. This standard for calculating a fee award applies in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum and in light of the attorney's experience. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011).

By default, the relevant forum is that in which the court sits—Washington, D.C. for Vaccine Program cases. *Avera*, 515 F.3d at 1348. Attorneys who perform the majority of their work on a matter outside of the Program forum may still receive a similar rate if their geographic practice area is found to be "in forum"—that is, an area where local attorney's fees rates are comparable to those in Washington, D.C. *Id.* at 1349.

Petitioner's attorney, Mr. Ferguson, practices in Seattle, Washington. Fees App. Ex. 1 at 5. I have previously found that lawyers practicing in Seattle are entitled to the forum rate. *Ochoa v. Sec'y of Health & Human Servs.*, No. 16-627V, 2017 WL 6350600, at *4 (Fed. Cl. Spec. Mstr. Nov. 1, 2017). Consistent with my prior reasoning, I find that the Seattle local rate is not substantially lower than the forum rate, and thus Mr. Ferguson may accordingly receive a forum rate.

The second factor considered in determining an attorney's reasonable hourly rate is the extent of his experience, both in the Vaccine Program and more generally as a litigator. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *14 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). In *McCulloch*, another special master set forth forum hourly rate ranges for attorneys of different levels of experience. *Id.* at *19. The ranges enumerated in *McCulloch* have subsequently been embraced by the Office of Special Masters (*see, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *7 (Fed. Cl. Spec. Mstr. May 26, 2016)),[4] and I will apply them herein.

Petitioner requests that his attorney, Mr. Ferguson, receive $417 per hour and $435.80 per hour for work performed in 2017 and 2018, respectively. Fees App. Ex. 1 at 6. He also requests that Mr. Ferguson's paralegal, Ms. Jennifer Muller, receive $134 per hour and $138.83 per hour for work performed in 2017 and 2018, respectively. *Id.*

Mr. Ferguson graduated from law school in 1980. Fees App. Ex. 1 at 4. He began his career as a litigator promptly after graduation, and he has since worked in a wide variety of practice areas, ranging from intellectual property to maritime personal injury. *Id.* Although the above-captioned matter appears to be his first case in the Vaccine Program, Mr. Ferguson has extensive experience in personal injury and medical malpractice law. *See id.* at 4–5. In total, he has nearly forty years' experience as a litigator. *See id.*

I have previously found that attorneys who lack prior Vaccine Program experience but are otherwise experienced litigators may receive *McCulloch* rates commensurate with their years of

---

[4] The hourly rate ranges for in-forum attorneys are set forth on the Vaccine Claims section of the United States Court of Federal Claims website. The rate schedule can be accessed at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters ("OSM Attorneys' Forum Hourly Rate Fee Schedules").

litigation practice. *See Hudson v. Sec'y of Health & Human Servs.*, No. 15-114V, 2016 WL 3571709, at *4 (Fed. Cl. Spec. Mstr. June 3, 2016). In light of Mr. Ferguson's many years of experience as a litigator, I find that he should be compensated at a rate within the "31+ years of experience" category. Mr. Ferguson's requested rates—$417 per hour for 2017 work and $435.80 per hour for 2018 work—fall within that category. I accordingly find them to be reasonable (despite the fact that this appears to have been his sole Vaccine Act case) and will apply them in my calculation of the attorney's fees award.

Similarly, the rates requested for work done by Ms. Muller of $134 per hour and $138.83 per hour for 2017 and 2018 work, respectively, fall squarely within the forum rate schedule for paralegal work. I will therefore also apply the requested rates for Ms. Muller's work.

After the appropriate hourly rate is determined, the special master must also consider the reasonableness of the total hours expended. *Sabella*, 86 Fed. Cl. at 205–06. This inquiry mandates consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

Petitioner submitted detailed billing records for both Mr. Ferguson and Ms. Muller. *See* Fees App. Ex. 1 at 8–15. The entries are neither excessive nor duplicative, and I accordingly find the requested hours to be reasonable in light of the work performed.

As I find both the requested rates and the hours expended to be reasonable in light of counsel's experience and the work performed in this case, I will award the requested attorney's fees in full, a sum of **$27,676.92.**

## II.   Costs Award

In addition to demonstrating that the requested attorney's fees are reasonable, Vaccine Program petitioners must also demonstrate the reasonableness of requested costs. *Perreira*, 27 Fed. Cl. at 34. Reasonable costs may include, *inter alia*, expenses incurred to obtain medical records, copying and postage costs, and expert costs. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013).

Petitioner requests reimbursement of $541.21 for costs incurred in this matter. Fees App. at 1. Of this request, $141.21 was spent on obtaining medical records, with the remaining $400.00 covering the filing fee in this matter. Fees App. Ex. 1 at 15. Overall, the requested costs seem reasonable in terms of the nature of this case. All requested costs have been appropriately substantiated with receipts, invoices, or other documentation. *See* Fees App. Ex. 1 at 17–28. I will therefore award the requested costs in full, a sum of **$541.21**.

## CONCLUSION

The requested fees and costs seem reasonable overall in terms of the work performed in this matter. Accordingly, I **GRANT** Petitioner's Motion, and award a total of **$28,218.13** in fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. John H. Ferguson.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.